Dear Ms. Norton:
We are in receipt of your request for an Attorney General's Opinion regarding a vacancy in the office of Justice of the Peace. You state that no candidates qualified for the office of Justice of the Peace during the qualifying period held in August, 2000 for the special election called for the October primary and November general election dates. Thereafter, the qualifying period was reopened pursuant to R.S. 18:469
for August 23, 2000 through August 25, 2000 and again, no candidates qualified for the office. Thus, you seek our opinion on the following question:
 Which option would be the proper procedure to follow when no candidates qualify for a special election:
 1. Treat the position as a vacancy and have another special election called; or
 2. Let the appointee remain in office pursuant to La. R.S. 42:2 until the expiration of the term.
Additional facts provided to our office indicate that the Justice of the Peace term in question expires on December 31, 2002; consequently, more than one year remains in the term of office.
Justices of the peace are elected in accordance with law. R.S. 13:2581
provides, "Justices of the peace shall enter upon the discharge of their duties as soon as they have been commissioned and taken the oath required by the Constitution, and shall remain in office until their successorshave been elected and qualified." (Emphasis added). In the Opinion of the Attorney General, 1916-18, p. 586, where there was no justice of the peace elected, the old justice of the peace would continue to discharge his duties until his successor was inducted. This "hold-over" provision is consistent with that of R.S. 42:2, which provides for public officials to remain in office until their successors are inducted into office.
With regard to filling the vacancy, justices of the peace courts are Article 5 courts [Art. 5, Sec. 20 of the 1974 LA Constitution provides for the continuation of the justice of the peace courts]. As such, the constitution provides in Art. 5, Section 22(B) for a vacancy in the office of a judge, as follows:
 (B). Vacancy. A newly-created judgeship or a vacancy in the office of a judge shall be filled by special election called by the governor and held within twelve months after the day on which the vacancy occurs or the judgeship is established, except when the vacancy occurs in the last twelve months of an existing term. Until the vacancy is filled, the supreme court shall appoint a person meeting the qualifications for the office, other than domicile, to serve at its pleasure. The appointee shall be ineligible as a candidate at the election to fill the vacancy or the newly-created judicial office. No person serving as an appointed judge, other than a retired judge, shall be eligible for retirement benefits provided for the elected judiciary.
Likewise, R.S. 13:2582(E) prohibits any person appointed to fill a vacancy in the office of justice of the peace under this constitutional provision from being eligible as a candidate at the election to fill the vacancy. This prohibition is also found in R.S. 42:39.2.
The Election Code, R.S. 18:621, provides the specific procedure for filling a vacancy in the office of judge. For the matter at hand, the governor is required to call a special election due to the fact that more than 12 months remain unexpired in the term of this office. The governor is required to first choose a gubernatorial or congressional election date, if available within 12 months of the vacancy. It is our understanding in the matter at hand that the Governor did choose this congressional election [October primary and November general, 2000] for the special election, but no one qualified for the election. Therefore, in calling another special election it is our opinion that the Governor's limited to the Municipal primary on April 7, 2001 and Municipal general on May 5, 2001 to call another special election, with qualifying February 14-16, 2001.
Furthermore, it is our opinion that the present justice of the peace is required by law to remain in office and perform the duties of the office until (1) an appointment is made by the supreme court, or (2) the successor is elected and qualified, whichever occurs first.
In sum and in direct response to your question, we are of the opinion that the proper procedure to follow when no candidates qualify for a special election, such as the one at hand, is to continue to treat the position as a vacancy, where the governor issues another special election call within the guidelines of the law. Further, when an appointment is made, the appointee continues to serve until the vacancy is filled. LSA-Const. Art. 5, Sec. 22(B). However, until an appointment is made by the supreme court, under R.S. 13:2581 and 42:2, the present justice of the peace holds-over in office.
We hope that this opinion fully addresses all of your concerns. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb